**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN D. KOPCIAL, JR. | ) | CASE NO. 1:23-cv-00201 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Comm'r of Soc. Sec.*, | ) | **MEMORANDUM OPINION AND ORDER** ) |
| | ) | |
| Defendant. | | |

On February 1, 2023, Plaintiff John D. Kopcial Jr. (Plaintiff) filed his Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income (SSI). Pursuant to Local Rule 72.2, the case was referred to a Magistrate Judge.

On October 20, 2023, Magistrate Judge James E. Grimes, Jr. issued his Report and Recommendation. The Magistrate Judge recommends that the Court Affirm the Commissioner's decision. (R. 13). Plaintiff filed objections within the fourteen-day deadline. (R. 14). The Commissioner filed a response. (R. 15).

For the reasons below, Plaintiff's objections (R. 14) are Overruled and the Report and Recommendation (R. 13) is Adopted.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to

conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted).

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard ... presupposes that there is a *zone of choice* within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (emphasis added). Therefore, if substantial evidence supports the ALJ's decision, a court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

## II. Analysis

### A. Background

The ALJ found Plaintiff had the following severe impairments: "degenerative changes in the cervical and lumbar spine, right carpal tunnel syndrome (CTS), hip osteoarthritis, … shoulder separation, and left iliotibial band syndrome and hip bursitis." (R. 6, PageID# 127, Tr. 18). The ALJ determined that Plaintiff retained the following residual functional capacity (RFC): Plaintiff can "perform light work as defined in 20 CFR 416.967(b). Fingering, handling, and reaching in directions other than overhead with the upper extremities, are each limited to no more than frequently. Climbing ladders, ramps, ropes, scaffolds, and stairs, crawling, crouching, kneeling, overhead reaching with the upper extremities, and stooping, are each limited to no more than occasionally." (*Id*. at PageID# 133, Tr. 18).

Plaintiff's Brief on the Merits set forth the following assignment of error: (1) "the ALJ failed to identify substantial evidence supporting the RFC finding, and … the ALJ failed to properly develop the record regarding Plaintiff's abilities and limitations." (R. 8, PageID# 574-585). Specifically, Plaintiff contends that RFC determination was not supported by substantial evidence because "[t]he ALJ's lay interpretation of the raw medical data does not constitute substantial evidence" supporting the manipulative limitations assessed. (*Id*. at PageID# 576). Consequently, Plaintiff argues, "[t]he ALJ failed to meet the Commissioner's duty to develop the record [because] a critical body of evidence was submitted following the reviews of the State agency physicians, and the record did not contain a medical interpretation of the [additional] evidence." (*Id*. at PageID# 578).

The ALJ also determined that "[a]fter careful consideration of the evidence, I find that the claimant's medically determinable impairments could possibly be expected to cause some of

3

the alleged symptoms; however, his statements concerning the duration, frequency, and intensity of these symptoms are not sufficiently supported by the medical evidence and other evidence in the record." (R. 6, PageID# 134, Tr. 25). The ALJ explained that "a careful review of the record does not document sufficient objective medical evidence to substantiate the severity of the degree of functional limitations alleged by the claimant." *Id*. The ALJ conducted an exhaustive credibility[1] analysis, including concerning Plaintiff's manipulative abilities, which the Court will not reiterate herein, but can be found in the decision. (*Id*. at PageID# 135-141, Tr. 26-32).

The R&R determined as follows: "The ALJ considered Kopcial's upper extremity impairments—cervical neck pain, chronic pain in his hands, right shoulder pain with radiating numbness and tingling to his elbow and hand—and acknowledged that Kopcial had testified about symptoms 'more incapacitating' as well as alleged functional limitations 'in contrast to' the RFC … [but] the ALJ provided a sufficient basis for his RFC finding that Kopcial nonetheless could occasionally reach overhead and frequently finger, handle, and reach in all

---

[1] This Court has previously noted that "[t]he Sixth Circuit characterized SSR 16-3p [which superseded SSR 96-7p] ... as merely eliminating 'the use of the word credibility ... to clarify that the subjective symptoms evaluation is not an examination of an individual's character.' " *Butler v. Comm'r of Soc. Sec.*, No. 5:16cv2998, 2018 WL 1377856, at *12 (N.D. Ohio, Mar. 19, 2018) (Knepp, M.J.) (quoting *Dooley v. Comm'r of Soc. Sec.*, 656 Fed. App'x 113, 119 n.1 (6th Cir. 2016)). As stated in *Kurman v. Kijakazi*, No. 1:20-CV-1837, 2022 WL 1067568, at *5 (N.D. Ohio Jan. 13, 2022), "this court finds little substantive change between the two social security rulings, and the changes largely reflect a preference for a different terminology." *See also Howard v. Berryhill*, No. 3:16-CV-318-BN, 2017 WL 551666, at *7 (N.D. Tex. Feb. 10, 2017) ("having reviewed the old and new rulings, it is evident that the change brought about by SSR 16-3p was mostly semantic."). The Court declines to engage in verbal gymnastics to avoid the term credibility where usage of that term is most logical. It bears noting that Plaintiff does not expressly challenge the ALJ's credibility assessment, but rather, as explained below, believes the ALJ was interpreting raw medical data when addressing objective tests that post-date the State Agency physicians' opinions.

other directions" and, after a thorough analysis replete with examples, concluded that "the ALJ explained the rationale for his findings with support from substantial evidence in the record." (R. 13, PageID# 642-646).

**B. Objections**

Although Plaintiff's objections to the R&R are rather lengthy, Plaintiff admittedly simply "renews the arguments made in Plaintiff's Merit Brief (Dkt. No. 8) and Plaintiff's Reply (Dkt. No. 12)." (R. 14, PageID# 659). A party's mere disagreement with the Magistrate Judge's resolution of the issues raised in their briefs on the merits is insufficient, as a party must identify the basis for his objections. As stated above, general objections that merely restate the objecting parties previous argument and voice mere disagreement with a magistrate judge's suggested resolution—have "the same effects as would a failure to object." *Austin*, 2021 WL 1540389 at *4; *see also United States v. Dawson*, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) ("the Court is under no obligation to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.")

Plaintiff's first objection—that the ALJ erred by failing to rely upon a medical opinion for the manipulative abilities contained in the RFC finding—merely restates the argument raised in the brief on the merits. (R. 14, PageID# 664-678). Generally, it is Plaintiff's position that there is no evidence to support the manipulative restrictions assessed by the ALJ. (R. 14). Plaintiff's argument, however, fails to recognize that it is *his* burden to demonstrate that he is disabled, even where the ALJ decides the claimant's RFC.

> While Step Four of the sequential process requires the ALJ to determine a claimant's RFC, "[a] disability claimant has the burden to establish [his or] her RFC." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.")

(citations omitted); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388 (6th Cir. 1999) (finding that the burden does not shift to the Commissioner to prove a claimant's RFC even after the burden of proof shifts to the Commissioner at step five of the disability analysis); *accord Mitchell v. Comm'r of Soc. Sec.*, 330 F. App'x 563, 568 (6th Cir. 2009) (claimant bears the burden to provide the evidence for the RFC calculation).

*Mays v. Colvin*, No. 1:13-CV-191, 2013 WL 5797681, at *10 (N.D. Ohio Oct. 28, 2013). It is Plaintiff's burden to demonstrate the severity and extent of his upper extremity impairments. As such, there is no error in the Magistrate Judge's finding that Plaintiff "cannot point to any medical opinion with limitations more restrictive of his handling, fingering, and reaching abilities than the ALJ's RFC." (R. 13, PageID# 648). Plaintiff's assertion that "neither the ALJ nor Judge Grimes points to any portion of the record indicating that Plaintiff can perform most manipulations up to two-thirds of the day and overhead reaching up to one third of the day" is irrelevant given the burden lies with Plaintiff. (R. 14, PageID# 667).

The lack of any medical opinion asserting greater upper extremity restrictions than those credited by the ALJ is fatal to Plaintiff's argument. The opinions of State Agency physicians—Drs. Torello and Bolz—both support the ALJ's decision, as they actually opined that Plaintiff was less limited than the RFC in that they assessed no limitations on Plaintiff's ability to reach, grasp, handle, finger, or feel.[2] (Tr. 77 & 85). Their opinions certainly undercut any argument that

---

[2] Similarly, courts have frequently found that a medical source's opinion that a claimant could perform medium work supports an ALJ finding a clamant could perform light work, or that an opinion that a clamant could perform light work supports an ALJ finding a clamant could perform sedentary work. *See, e.g., Mosed v. Comm'r of Soc. Sec.*, 2016 WL 6211288, at *7 (E.D. Mich. Jan. 22, 2016), *report and recommendation adopted*, 2016 WL 1084679 (E.D. Mich. Mar. 21, 2016) (finding no error where an ALJ decided to "assess a sedentary RFC, which was *more restrictive* than the light RFC opined by the consultants, by giving consideration to Plaintiff's self-report of anemia and low energy levels, along with her cardiologist's confirmation that she suffered from some exercise intolerance. Plaintiff's argument that the ALJ erred in assessing a *more restrictive* RFC than that opined by the State agency consultants is curious and unavailing.")

greater restrictions were necessary than those assessed by the ALJ. Any perceived error by the

ALJ accrued to Plaintiff's benefit, as he found greater limitations than any medical source. *See*

*Laney v. Comm'r of Soc. Sec.*, 2022 WL 2176539, at *7 (N.D. Ohio June 16, 2022) ("The Court

will not fault the ALJ for finding more restrictions than the state agency reviewers opined.")

(citations omitted); *Berrier v. Comm'r of Soc. Sec.*, 2021 WL 6881246, at *9 (N.D. Ohio Sept.

10, 2021) ("[E]ven if the ALJ erred by failing to explain why she found Claimant to be more

limited than the medical experts opined, the error is harmless as it was in Claimant's favor"),

*report and recommendation adopted*, 2022 WL 189855 (N.D. Ohio Jan. 21, 2022).

In *Ferris v. Comm'r of Soc. Sec.*, 2017 WL 5187796, at *11 n.4 (N.D. Ohio Nov. 9,

2017), the plaintiff offered a nearly identical argument—that "the ALJ relied solely on raw

medical data when he determined that Ferris could engage in 'frequent' use of hand controls,

'frequent' reaching, 'frequent' handling, and 'occasional' fingering." The *Ferris* decision

rejected this argument, noting that greater restrictions were not warranted where the ALJ's RFC

determination was more restrictive with respect to manipulative abilities than those assessed by

the medical opinions in the record, coupled with the plaintiff's failure to identify any medical

opinion in the record that were more restrictive than the ALJ's RFC. *Id*. Instead, the plaintiff in

*Ferris* pointed to portions of the medical records and argued that the ALJ should have assessed

Ferris's residual functional capacity differently and essentially faulted the ALJ for not looking at

raw medical data in a manner that would benefit Ferris even more. *Id*. Plaintiff herein is

attempting to make the same unavailing argument.

The Court also agrees with the R&R that there is simply no indication the ALJ was

engaging in lay interpretation of raw medical data. (R. 13, PageID# 648). Ironically, it is Plaintiff

that invites the Court to interpret raw medical data, by suggesting that tests that post-date the

State Agency opinions suggest he should be even more restricted in his upper extremities than found by the ALJ or, at the very least, that these tests warrant new medical opinions.[3]

The Court in *Alexander v. Kijakazi*, 2021 WL 4459700, at *9 (N.D. Ohio Sept. 29, 2021) aptly stated:

> Although the standing/walking and manipulative restrictions in this case were founded upon the State Agency physician's opinion, "ALJs are not required obtain medical opinions before starting in on the RFC: the claimant bears responsibility for providing evidence establishing disability." C*harbonneau v. Comm'r of Soc. Sec.*, No. 2:18-CV-10112, 2019 WL 960192, at *16 (E.D. Mich. Jan. 11, 2019), *report and recommendation adopted*, 2019 WL 952736 (E.D. Mich. Feb. 27, 2019) (citing 20 C.F.R. § 404.1512(a)). Courts are generally unqualified to interpret raw medical data and make medical judgments concerning the limitations that may reasonably be expected to accompany such data. *See, e.g., Mascaro v. Colvin*, No. 1:16CV0436, 2016 WL 7383796, at *11 (N.D. Ohio Dec. 1, 2016) (noting neither the ALJ nor the court had the medical expertise to conclude whether the results of a neurological exam necessarily ruled out the existence of a disabling condition); *Hagan v. Comm'r of Soc. Sec.*, No. 16-14022, 2018 WL 1354472, at *12 (E.D. Mich. Feb. 23, 2018) ("Neither the ALJ nor this Court possesses the medical expertise to interpret the significant medical evidence in the record to determine if plaintiff's impairments, in combination, equal any of the applicable listings."); *Nofsinger v. Comm'r of Soc. Sec.*, No. 1:09-CV-29, 2010 WL 2651600, at *2 (W.D. Mich. July 1, 2010) ("Limitations are the expertise of medical providers and outside the expertise of both this Court and ALJs."); *Talley v. Barnhart*, No. 1:05-00039, 2008 WL 2414841, at *7 (M.D. Tenn. June 12, 2008) ("this Court does not have the medical expertise to say that recurrent sinus infections always necessitate an assessment of environmental limitations"); *Snyder v. Barnhart*, 2005 WL 525258, at *6 (D. Del. Mar. 2, 2005) ("Frankly, this lay court has no idea what conclusions should be drawn from [the] alleged abnormalities [identified in the record by the plaintiff].'); *Mills v. Astrue*, 2011 WL 3841020, at *5 (D.S.C. July 22, 2011) ("the plaintiff cannot, over and over, baldly claim limitations that medical expertise has not corroborated"), *report and recommendation adopted*, 2011 WL 3840989 (D.S.C. Aug. 26, 2011); *Prince v. Sullivan*, 1990 WL 16647, at *6, 1990 U.S. Dist. LEXIS 1422, at *19 (N.D. Ill. Feb. 7, 1990) ("This court lacks the medical expertise to assess what impact plaintiff's heart problems have on his medical condition.")

---

[3] The October 21, 2021 EMG post-dating the State Agency opinions showed right median motor nerve entrapment at the wrist without axonal damage or acute denervation. (Tr. 417–18). His right median sensory nerve was normal, as were his left motor and sensory nerves. (Tr. 417).

*Id.* In *Alexander*, this Court declined a plaintiff's invitation to look at raw medical records or diagnoses and decide that greater limitations were warranted where "no acceptable medical source … opined such limitations were warranted." *Id*. Here too, the Court declines Plaintiff's similar invitation.

A claimant's RFC is an indication of an individual's work-related abilities despite their limitations. *See* 20 C.F.R. § 404.1545(a). The ALJ bears the responsibility for assessing a claimant's RFC. *See* 20 C.F.R. § 404.1546(c). While it is well-established that administrative law judges may not make medical judgments, *see Meece v. Barnhart*, 192 Fed. App'x 456, 465 (6th Cir. 2006), "an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding." *Poe v. Comm'r of Soc. Sec.*, 342 Fed. App'x 149, 157 (6th Cir. 2009); *accord Dodson v. Kijakazi*, 2022 U.S. Dist. LEXIS 59281, *17-18 (N.D. Ohio Jan. 20, 2022).

The Sixth Circuit has rejected the notion that an ALJ must base his or her RFC finding on the opinion of a physician, stating that "to require the ALJ to base her RFC finding on a physician's opinion, 'would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.'" *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (citing Social Security Ruling (SSR) 96-5p, 1996 WL 374183 (July 2, 1996)); *accord Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 Fed. App'x 395, 401 (6th Cir. 2018) (noting that the Sixth Circuit has "rejected the argument that [an RFC] determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ").

The R&R also correctly noted that an ALJ may rely on medical opinions from

physicians, even though they did not review the entire record, so long as the ALJ considers the evidence that post-dates those opinions and accounts for any relevant changes in the RFC. (R. 13, PageID# 651) (*citing McGrew v. Comm'r of Soc. Sec.*, 343 Fed. App'x 26, 32 (6th Cir. 2009); *accord Patterson v. Comm'r of Soc. Sec.*, 2017 WL 914272, at *10 (N.D. Ohio Mar. 8, 2017).

In framing his second objection, Plaintiff concedes that he "does not argue that there was a special or heightened duty to develop the record[,]" but that "if the ALJ believed there should be manipulative limitations, then the ALJ should have obtained medical evidence of the functional impact of Plaintiff's new impairments." (R. 14, PageID# 679). However, that is precisely what Plaintiff is arguing—that the evidence post-dating the State Agency opinions, which lead the ALJ to add additional manipulative restrictions, required the ALJ to obtain new medical opinions. Plaintiff's brief on the merits explicitly states that "[t]he ALJ was duty bound to obtain a statement from a medical opinion before relying upon his lay opinion." (R. 8, PageID# 583). Nonetheless, Plaintiff fails to cite any binding authority to support his position, and the misplaced reliance on *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008) (*id*. at PageID# 680) is not persuasive as discussed *infra*.

The R&R appropriately placed the burden on Plaintiff to prove his inability to work, and correctly notes that the ALJ's decision to obtain additional evidence such as a consultative examination is discretionary. (R. 13, PageID# 655-656) (citing 20 C.F.R. § 416.919a). This Court has previously determined that "the decision to order an updated physical consultative exam lies within the ALJ's discretion" and "[w]here the record contains sufficient evidence about an impairment, an ALJ does not abuse his discretion by declining to obtain an additional assessment." *Dodson v. Kijakazi*, 2022 U.S. Dist. LEXIS 59281, *24 (N.D. Ohio Jan. 20, 2022)

(*citing Culp v. Comm'r of Soc. Sec.*, 529 Fed. App'x 750, 751 (6th Cir. 2013)). This Court agrees

with the R&R's statement of the law, and even made a similar finding in *Dodson*:

> Plaintiff relies on a court decision [*Deskin*] which stated that "where the transcript
> contains only diagnostic evidence and no opinion from a medical source about
> functional limitations (or only an outdated nonexamining agency opinion), to
> fulfill the responsibility to develop a complete record, the ALJ must recontact the
> treating source,[4] order a consultative examination, or have a medical expert
> testify at the hearing." …. However, *Deskin* has received negative treatment or
> been distinguished by no less than twenty-six other decisions from district courts
> within this Circuit. At least one decision has expressly held that:
>
> > **Deskin, is not representative of the law established by the legislature,
> > and interpreted by the Sixth Circuit Court of Appeals.**
>
> ***
>
> The ALJ, not a physician, is assigned the responsibility of determining a
> claimant's RFC based on the evidence as a whole. 42 U.S.C.A. §
> 423(d)(5)(B); 20 C.F.R. § 416.946(c). Pursuant to the regulations, the ALJ
> is charged with evaluating several factors in determining the RFC, including
> the medical evidence (not limited to medical opinion testimony), and the
> claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629 633 (6th
> Cir. 2004); SSR 96-5p, SSR 96-8p. The final responsibility for deciding the
> RFC "is reserved to the Commissioner." 20 C.F.R. § 416.927(e)(2).
>
> *Henderson v. Comm'r of Soc. Sec.*, No. 1:08 CV 2080, 2010 U.S. Dist. LEXIS
> 18644, 2010 WL 750222, at *2 (N.D. Ohio Mar. 2, 2010) (Nugent, J.) (emphasis
> added); *accord Peterson v. Comm'r of Soc. Sec.*, No. 1:16-CV-363, 2017 U.S.
> Dist. LEXIS 9257, 2017 WL 343625, at *3 (W.D. Mich. Jan. 24, 2017) ("It not
> the ALJ's burden to seek out medical opinions to prove or disprove a disability
> claim.... Rather, it is Plaintiff's obligation to provide evidence to support his claim
> of disability.") (citations omitted); *Todd v. Comm'r of Soc. Sec.*, No. 3:17 CV
> 1500, 2018 U.S. Dist. LEXIS 223622, 2018 WL 4932499, at *12 (N.D. Ohio July

---

[4] Notably, *Deskin* was decided in 2008. Numerous courts have found that any duty to recontact a physician was eliminated in March of 2012 when those provisions of the regulations were eliminated. *See Glover v. Comm'r of Soc. Sec.*, No. 1:16 CV 84, 2016 WL 7638142, 2016 U.S. Dist. LEXIS 180821, at *22 (N.D. Ohio Dec. 22, 2016) ("[M]any courts have found that such a mandatory duty to recontact in SSR 96-5p, 1996 SSR LEXIS 2 is no longer valid in light of regulatory changes.") (collecting cases). The language of 20 C.F.R. § 404.1520b clearly reflects that the decision to recontact became discretionary). "Courts have concluded that the 'duty to recontact is now permissive, rather than mandatory.'" *Worth v. Comm'r of Soc. Sec.*, No. 2:20-cv-4620, 2021 WL 3029680, 2021 U.S. Dist. LEXIS 133624, at *22 (S.D. Ohio July 19, 2021).

11

31, 2018) (finding no error where the RFC was "largely consistent" with two medical opinions of record "but was more limited" to account for other limitations), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 53079, 2019 WL 1396923 (N.D. Ohio Mar. 28, 2019); *Williams v. Astrue*, No. 1:11-CV-2569, 2012 U.S. Dist. LEXIS 116744, 2012 WL 3586962, at *7 (N.D. Ohio Aug. 20, 2012).

*Dodson*, 2022 U.S. Dist. LEXIS 59281 at **23-24.

Thus, the Court finds no merit to Plaintiff's objections, and the Court adopts the

Magistrate Judge's recommendation as a correct application of the existing legal standards.

### III. Conclusion

The Court has carefully reviewed the Report and Recommendation, according to the

above-referenced standard, as well as the ALJ's decision, and Plaintiff's objections. The Court

agrees with the Magistrate Judge's resolution of the issues raised. Therefore, the Magistrate

Judge's Report and Recommendation (R. 13) is hereby Adopted, Plaintiff's objections are

Overruled (R. 14), and the Commissioner's decision is hereby Affirmed.

IT IS SO ORDERED.

March 15, 2024                                    s/ *David A. Ruiz*
                                                  David A. Ruiz
                                                  United States District Judge